**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

SCOTT TOUSIGNAUT,

a Colorado Resident,

    Plaintiff,

v.

AMERICAN MEDICAL ALERT CORP.,

a Foreign Corporation,

    Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Scott Tousignaut is a Colorado resident. He resides at 5110 S. Franklin St., Greenwood Village CO 80121. He is a former employee of Defendant. At all relevant times, he was a resident of Colorado.

2. Defendant is a corporation that regularly conducts business in Colorado. All events described in this complaint occurred in Colorado.

3. Defendant American Medical Alert Corp. designs, installs, and monitors computerized personal emergency response systems. The company markets its

systems to consumers, healthcare agencies, hospitals, durable medical equipment providers, retirement communities, hospitals, and government agencies, among others. American Medical Alert Corp. is headquartered at 36-36 33rd Street, Suite B100, Long Island City, New York.

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and §1343, and this action is authorized and instituted pursuant to 29 U.S.C.§ 626(c).

5. Venue is proper in this Court as the unlawful employment practices were committed within the jurisdiction of the United States District Court for the District of Colorado.

6. Mr. Tousignaut timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 2, 2019, satisfying the requirements of 29 U.S.C. § 626(d).

7. On or about September 25, 2020, the EEOC issued and mailed a Notice of Right to sue to Mr. Tousignaut. This action was filed within ninety days after his receipt of this notice.

**FACTUAL ALLEGATIONS**

8. Plaintiff Scott Tousignaut was a long-term and high performing employee of Defendant, where he worked for 18 years, culminating with the position of National Director of Outside Operations. He was a model employee who always

received highly rated performance reviews and never received disciplinary action from Defendant of any kind.

9. Mr. Tousignaut's last day of work with Defendant was June 8, 2018. At age 54, he was advised that his position was being eliminated and that his duties were being consolidated elsewhere within the Company.

10. This explanation was a pretext for age discrimination. In reality, as a 54-year-old, highly paid veteran of the Defendant, Mr. Tousignaut was terminated in a reduction in force of predominately older, higher paid workers, based on his age.

11. Mr. Tousignaut's position was publicly advertised shortly after he learned of his imminent layoff. This fact demonstrates the pretextual nature of his alleged "layoff."

12. No performance related reason was ever offered by Defendant for his layoff.

13. Defendant asserted confidentiality of the ages of the other older workers also laid off at the time of Plaintiff's layoff before the EEOC, which the agency never disclosed to Mr. Tousignaut, but on information and belief they included at least the following employees of Defendant:

   1. Jaye Bucksbaum – Finance, 64 years old

   2. Joan Medeiros – Director, Emergency Call Center, over 40

      3.      Eric Levings – Conversion Lead and Educator - 59 years old

      4.      Barbara Conway – Human Resources Manager - over 40 years old

      5.      Kamell Redway – Regional Office Manager, Illinois Office - over 40 years old

      6.      Mark Cusworth – Regional Marketing Manager - New York Office - over 40 years old

      7.      Ryan Fix – Vice President, Sales - over 40 years old

      8.      Alex Natale – IT Support Specialist - over 50 years old

      9.      Louis Munoz - Operations - over 60 years old

      10.      Michael Beagen - Operations - over 40 years old

14.     At the time of his termination, Mr. Tousignaut was presented with a Release and Separation Agreement ("Release") containing a release of claims, which he signed. He received severance in the modest amount of 20 weeks of pay, far less than the losses he has suffered since his termination.

15.     The release that he signed and which is believed to have been signed by his fellow former co-workers was ineffective as a release of a claim of age

discrimination because it did not comply with the requirements of the OWBPA, 29 U.S.C. § 626(f), since his termination was part of an "employment termination program offered to a group or class of employees . . ." 29 U.S.C. § 626(f)(1)(F)(ii) and (H). He was only provided 21 days to consider the Release rather than the requisite 45 days and was not provided the disclosures, including the ages of other terminated workers, required by this provision.

## CAUSE OF ACTION
## AGE DISCRIMINATION IN VIOLATION OF
## 29 U.S.C §§ 621 et seq.

16. Defendant engaged in unlawful employment discrimination against Mr. Tousignaut based on his age.

17. Defendant's actions against Mr. Tousignaut were in violation of 29 U.S.C. § 621 *et seq.*

18. Mr. Tousignaut was injured and deprived of his rights as a result of Defendant's actions against him.

19. Defendant acted with willfulness to Mr. Tousignaut's rights in its discrimination against him.

20. Mr. Tousignaut has suffered damages in an amount to be shown at trial as a result of Defendant's actions.

21. Mr. Tousignaut is entitled to compensation for back pay, liquidated damages, front pay, lost benefits, attorneys' fees and costs, interest and other equitable relief.

## **DEMAND FOR JUDGMENT**

22. Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and award him all relief as allowed by law, including, but not limited to, the following:

    a. Actual economic damages as established at trial;

    b. Liquidated damages;

    c. Pre-judgment and post-judgment interest at the statutory rate;

    d. Attorneys' fees, costs and expenses; and

    e. Such further relief as justice requires.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

Respectfully submitted this 23rd day of December, 2020.

/s/ Gregory A. Eurich
Gregory A. Eurich
MILLER & STEIERT, P.C.
1901 W. Littleton Blvd.
Littleton, CO 80120
Telephone: 303-798-2525
GEurich@m-s-lawyers.com

**ATTORNEYS FOR PLAINTIFF
SCOTT TOUSIGNAUT**